on behalf of Pasco County. This case is here, as the court knows, for the second time. Four and a half years ago, Mr. Smoker, myself, and Judge Schoflat were here and argued this case on a finding by Judge Merida that the action of the county was facially unconstitutional. This court reversed that finding, holding that the statute of limitations barred the facial claim, sent it back to the district court. The district court received motions for summary judgment and 18 months after receiving the motions for summary judgment, ruled that the ordinance was unconstitutional and was applied to Hillcrest in an eight-line opinion, which basically said that he was relying upon the magistrate's report. The magistrate's report, however, going back to the time before the court on the facial claim, said that had he, the magistrate, breached the issue, the magistrate would have granted summary judgment for the county, not against the county. Can I ask you just a preliminary question? Is there still a live controversy here? Yes, there is, Your Honor. I'll tell you the reason that I ask the question about mootness is because, as I see it, one, there was a partial settlement between the county and the Department of Transportation agreed to pay, to purchase from Hillcrest the southern 100 feet of the property for $4.7 million. Two, we know that no injunctive relief was entered. Three, we know that there are no damages here other than $1.00 in nominal damages. If that's the case, what's left? Why is this case still alive? Your Honor, twofold. The first thing, that there is the declaration that the ordinance is unconstitutional and is applied. That would engender further litigation. There's also a claim for attorney's fees pursuant to Section 1988. Yeah, isn't that always the story? So it's the attorney's fees that's wagging the dog here? As far as the declaratory judgment, if the case is otherwise dead, I don't think you can breathe life into it simply by seeking an abstract declaration of the various rights and obligations of the parties. You follow what I'm sort of asking? But it looked to me, no injunctive relief, settlement already here, payment made out, the only damages being sought is $1.00 in nominal damages, and the only reason for the $1.00 in nominal damages was to save the possibility of attorney's fees. Maybe I've missed that. Your Honor, we are not the parties seeking attorney's fees. I know, I understand that, but I'm trying to see whether this case is alive. I think that plus the impact value of it, what it may well do, because the ordinance has been applied in other situations in the past. But with that, let me give four reasons why the substantive due process. Before I do that, those four reasons, we also think that the case has been settled, because count two, which is labeled substantive due process count, in our judgment, as Judge Shoflat said, McKinney v. Pate, you ought to look at what it actually is, not what the plaintiff styles it to be. Although it's labeled substantive due process, it's really a takings count. It's really a takings count because it goes back to Judge Scalia's opinion in Nolan going back . . . Hillcrest did not exercise all of its procedural rights, is my understanding, before bringing this suit. It did not. It could have gone for a variance. That concerns me, because we don't know what the exercise of your procedural rights would have been, and we might make a provisional ruling, which Article III doesn't allow us to do, that means nothing, because had you continued on . . . It was their choice not to continue on, basically pursuing what remedies they had under the ordinances applied, but it's a really taking claim, which is barred by the settlement agreement. That is the narrow basis for doing that, because Justice Scalia basically viewed substantive due process as an oxymoron, basically. He, who drafted the Nolan decision, which led to the Dolan decision, which is what Count II is, and what Justice Souter, in another Supreme Court case which is cited here, said that Dolan and Nolan are taking cases. The taking case has been settled for the $4.7 million, which is far more, by the way, as an aside, and it's in the record, the $101,000 that they paid for the property. The four reasons, as a matter of law, why even assuming that they could get to a substantive due process claim doesn't apply. The first reason is that substantive due process, utmost restraint. We've cited case after case after case of U.S. Supreme Court cases and 11th U.S. Court of Appeals cases. Seventy-five percent of our cases come from those two controlling jurisdictions. Utmost restraint. Judge Meredith, what he said here, I don't know if it's a substantive due process claim or anything else. It's just wrong, and I don't like it. I'm going to label it and send it up to the 11th U.S. Court of Appeals and let them decide. Utmost restraint was not applied, just the contrary of that. The second reason is that, basically, substantive due process protects against marriage, family, bodily integrity, abortion, procreation, those type decisions as opposed to decisions. This is not a substantive due process claim that's rooted in a constitutional, in the Bill of Rights or someplace. It is not, Your Honor. You've got his property rights here. In our judgment, that is fatal because, as this court noted back in McKinney v. Pate, which, by the way, has been cited, maybe the court knows, 1,089 times. Time after time after time, McKinney v. Pate has been cited. McKinney v. Pate, the case is never overruled, never criticized, always followed, and followed most recently on September 13th of this year in a decision by this court. McKinney v. Pate says that you've got to have a fundamental interest created, constitutionally created, as opposed to a state-created interest. This is state-created. Why is that, by the way? Just to kind of press the distinction between what I'll call old property and new property just a bit. Why isn't an interest in the use of real property? Why isn't that sort of like old-school, blackstone, common-law property, which I would assume the due process clause would protect? According to the precedent of this court, Your Honor, there's three cases, and that's the argument which Hillcrest makes, but there's three cases. Busse, which Judge Schoflat was on the panel in that case, involved the taking of lands, no substantive due process. That's followed by Prescott and Bailey, which are cited in our case. The only difficulty I have with that is that's unpublished plus unpublished plus unpublished, right? I mean, like, what's your best published case for the notion that an interest in the use of real property doesn't get constituted? And this, of course, is granting that substantive due process is even relevant here, but if it is, if substantive due process protects some interest in property, per the language of the provision, isn't this sort of more an old property case than a new property case? They would claim that this is old property, and land is old property, but basically there's eight or nine cases which we cited that property interests are not protected, at least within this circuit. And the other point is that basically this court has said time after time after time that if there's a specific provision of the Constitution which governs takings, which this could have fit into, everyone acknowledges that. Then you've got to go under the takings rather than the things which doesn't have a general contour such as substantive due process, and I would cite to Judge O'Scanlan's opinion in Log Cabin Republican. Imminent jurist indeed. Pardon? An imminent jurist indeed. My former boss. There you go. Mr. Hemke, before you sit down, let me go back to where I began and have you help me with it because if the case is not justiciable, that's an issue for the court and all of the parties. If the case is moved, it's over. And I just want you to answer one question for me in this regard. Is the county or can we tell from this record whether the county is still seeking the dedication of a part of the plaintiff's remaining parcel as a condition to get a permit to develop the rest of the lot? No, Your Honor, and the reason for that is that basically here the plaintiff, in fact, sold the remaining portion of the property. Also, the plaintiff no longer has that. The permit was granted basically under the conditions and under the acquiescence, I think they signed off accepting all the conditions of that as well, which we would rely upon the brief. There was nothing left procedurally to do, as I understand it, after the permit was granted. Absolutely. The ordinance says provides for all sorts of review. And appeals. Yeah, an appeal. It could have gone to state court. And not only did he not appeal, but they signed off on the conditions which required the dedication as hereby read, understood, and accepted. And that was just outlined below the conditions. I'm getting to Judge Marcus' question. Out of the so-called substantive due process claim, there's nothing left, whatever the claim was. With this plaintiff, other than the attorney's fees with this plaintiff. I guess I come back to my question. Is this case moved? I don't think so because of the attorney's fees. He wants to claim an attorney's fees on the strength of Judge Merriday's order. That's about the size of it. Pardon? I'm sorry? He just wants to do it on the strength of Judge Merriday's order. As we pointed out, it's an eight-line order and just makes, well, let's say it's got some legal flaws. He won the case. He won the case. Okay, we understand. I reserve the rest of the time in rebuttal, if I may. Thank you. Mr. Smoker. Judge Joe Flatton, may it please the Court. David Smoker with the Smoker Bartlett Law Firm, Tampa, Florida, on behalf of Hillcrest. Judge Marcus, I don't think the case is moved for several reasons. One is the parties agreed that the legality of this ordinance needed to be litigated. They can agree we have jurisdiction and we don't. That doesn't answer the question for me. The parties cannot breathe subject matter jurisdiction into a case that's defunct no matter how hard they try. I understand. So the mere fact that the two of you may think the case is still alive doesn't mean that it is. It still may be for some other reason, but that's what I'm trying to get you to tell me. And the county is still enforcing the ordinance. And thirdly, yes. But as far as you, you're gone with the property, right? So this isn't a case where the county is seeking the dedication of a parcel, a piece of your parcel, as a condition to getting a permit to develop. Not anymore. That's dead. Not anymore. That's true. This was all administratively over, as I understand it, before Judge Maraday granted you relief on the as-applied claim. Yes. In other words. He did that when that was the background. Correct. It got remanded back to him. Yeah. We litigated. I cannot, for the life of me, understand why in the world he even ruled. Well. Hypothetical. You're saying at the time that he ruled. At the time he ruled on what is before us now. The case had been set. My understanding is that the procedures had already been exhausted. As your colleague has said. When you say the procedures, you're referring to the administrative procedures. The permit was granted. No, no permit was ever granted. But you settled. You settled. There was a settlement of the taking claim with the DOJ. I understand. But let me ask you this. Yes. Was everything settled in the sense that the county got what it wanted and you got some money for the takings? That was over with. Yes. Okay. But there was a reservation of the rights to litigate the as-applied claim. As far as I'm concerned, you were receiving a declaratory decree that wasn't going to help you one whit. No. Hillcrest had a residual. How would it possibly help you to have a declaration about this ordinance? Because at the time, Hillcrest had a damage claim. I understand that. What I'm talking about is after this matter was disposed of by the settlement, what relief would you get out of a declaration that the ordinance is invalid? The relief that we would get that the ordinance is invalid would be the right to recover attorney's fees for the time and labor of the lawyer involved. That's assuming that the claim was appropriate in the first place. Of course. Let's suppose the claim is inappropriate in the first place. In other words, it wasn't a mandate. If it was a meritorious claim in the first place, we wouldn't be claiming attorney's fees. And the case would be over with. If Judge Meride had ruled in their favor, then we would be probably up here on appeal. We'd be having the same discussion. So why isn't this? I mean, to get to the merits of the claim, I mean, why isn't this? The way this feels to me, I'll channel my inner Judge Chauflin. I'm going to tell you where I am and you can react to it. This to me feels like it's always been a takings case, always. It's always been a takings case. Meride cites the Nolan-Dolan takings, just compensation. You do. You call it a takings claim. We're not being compensated for a taking. You settled the takings claim for $4.7 million. And now it's just sort of like round two, same thing under some other label. This to me feels like exactly what's wrong with substantive due process. This has like a real label. It's under the Fifth Amendment, and you litigated, and you settled. And now here we go again. Right. Let me tell you, Judge, and I would direct your attention to the joint ventures versus FDOT case, and I'll give you the citation. 563 Southern 2nd, 622, Florida Supreme Court case, 1990. And then I would follow it up with a second case, which is the Tampa-Hillsborough Express . . . How are those cases helping you? Because they are almost on all fours with this situation where the government required set-aside of right-of-way and wouldn't allow for the development of that right-of-way. All those are takings cases. No, Your Honor. No. In a federal court, they're all takings cases. Well, I . . . All right. Let me explain. I speak for myself. They're all takings cases. I understand. I don't understand. I understand. I couldn't understand why in the world there was a challenge to this statute before on its face, before it had even been applied. It had been applied. No, no. Before you asked for a permit, the statute was there. Yes. Okay. Then you asked for a permit, right? Yes. Okay. And it never got anywhere. Correct. It ended up in litigation. Okay. If you hadn't settled, then we would have dismissed, in my view, dismissed the case on the ground that it was a takings claim. There's no substantive due process challenge to the statute. Yes. And let me answer that. Do you agree with that? I don't agree that there's no substantive due process challenge. And let me tell you why, Judge, because we're dealing . . . This is nothing but the application of an ordinance. There are all classic takings cases. But I'd like to tell you why I believe that this is not a takings case. And there's a number of reasons. First of all, it's the separate and distinct nature and character of the due process clause and the takings clause. The due process clause is designed, according to the Supreme Court of the United States, to prevent the government from arbitrarily . . .  I would . . . This is an administrative matter. I would respectfully disagree, Your Honor, and here's why. And this is a very, very important point. And I'm very familiar with McKinney. I've had to deal with it in this case. The reason that this is not governed by McKinney is that while the county's site plan review process is a quasi-judicial process, the imposition of a condition requiring the dedication of land by the DRC is not a quasi-judicial decision. And let me tell you why. It's an administrative decision because when you read the ordinance, if you didn't like the decision, you could appeal all the way. You could go to the State Circuit Court, as a matter of fact. You could. Of course you could. But let me finish. Before any harm could possibly be determined. The harm occurs the moment that they extortionately leverage you into requiring you to give the property. Your argument is an honest face before anything happened that was unconstitutional. The moment they apply the ordinance to you, they're extortionately leveraging it. But let me explain, Judge Joe Flatt, again, why the Due Process Clause is applicable here. And that is it is designed to – you have a right to be free of arbitrary and capricious government action under the Due Process Clause. But I think the problem here, counsel, is this. And maybe you can help me with it. In McKinney, the court makes clear that there's a distinction between a legislative act for purposes of substantive due process and a non-legislative or an executive act. Executive acts characteristically apply to a limited number of persons, often to only one person. And they typically arise, as Judge Joe Flatt suggests, with respect to an administrative activity by a member of the executive branch. In this case, isn't the application here of the enforcement of the ordinance all we're talking about rather than general lawmaking or rulemaking? And if that's the case, how can you have a substantive due process claim? I'll explain. It's actually very simple. The act of conditioning someone's development approval upon, effectively, the taking of someone's property is analogous to the same decision-making process that occurs when the government decides whether and the extent to which they're going to take your property in eminent domain. And the United States Supreme Court has made clear in the Kelo case, the Berman case, the Bragg case, and the Ridge County case that that is a legislative function. It is not a quasi-judicial function. Absolutely. The act doesn't hurt anybody. The legislation doesn't apply to anybody or hurt anybody or cause any injury until it is enforced administratively, at which time you have facts being found and all those things, and if you have a grievance and you disagree, you take it up, as it were. So that's how you're harmed, if you're harmed at all. I need to comment on the so-called administrative remedies, which the district court found to be illusory because of the structure of those administrative remedies was such that, if you'll pardon the expression, the so-called constitutional cure that was supposed to be provided by those administrative remedies was really worse than the cure. You've got this whole dedication waiver. Correct. Property owner believes the amount of land required to be dedicated to the county exceeds the amount of land, so forth and so on. And you have all sorts of review administratively, and then if you don't like that decision, you go to the Pasco County Circuit Court and get a state circuit judge to say that it was wrong. Me, it was. That's the tip, yeah. The issue here is the extortionate leveraging of the police power, not what remedies you have, but the district court found that the remedies were illusory and specifically found them to be unconstitutional. That was part of his ruling. And so the bottom line to judges here is, can you codify extortionate leveraging of the police power in an ordinance and then attempt to enforce it? And our position is the attempt to enforce it is a violation of substantive due process because we have a right as a property owner to be free of arbitrary and capricious government conduct, and extortionate leveraging of the police power is the height of arbitrary government conduct. It can't be cured. I just don't understand why this isn't all within the order of takings clause jurisprudence. I don't understand. I mean, like Lengel says land use exactions, prototypical takings claim. Stop the Beach Renourishment says don't bring us your substantive due process claims dressed up, or your takings claims dressed up as substantive due process claims. I understand. There's a very subtle distinction. When you say that Nolan and Dolan and Kuntz are taking cases, that is not actually technically an accurate description of what the case was about. The case was decided under a completely different legal framework announced by the U.S. Supreme Court in the 1920s called the Unconstitutional Conditions Doctrine. It applies to any attempt by the government to force you to give up any constitutional right in exchange for a discretionary governmental benefit. That is a substantive due process principle, and that's what Nolan and Dolan and Kuntz decided. What constitutional right did you have to begin with? To be free of arbitrary and capricious government conduct. That's what the due process clause protects. Do you have cases in which we have said that Nolan and Dolan are effective, that they announce substantive due process principles, or principles that are operationalized through a substantive due process analysis as opposed to a takings analysis? No. Forgive me. I'm thinking of my first year of property course where I certainly read Nolan and Dolan as takings cases. The clause that they were being required to give up, which was they were told they couldn't do under the Unconstitutional Conditions Doctrine, was the taking clause. How is that different from here? That's land use exemption. This is land use exemption. Why isn't the claim that you've been forced to give up your Fifth Amendment right to not have your property taken without just compensation? That's sort of where this case is. The takings clause simply protects your right to be compensated for an otherwise valid exercise of the police power. The due process clause is addressed to the validity of the police power. It's a separate clause. It addresses separate issues. Is there any case, though, that you can cite us to, even assuming it's an abstract matter, that there is a substantive due process claim that transcends or covers something different from Nolan? Is there any case anywhere, anytime, where a court has actually held that there was a deparation of property rights that violated substantive due process? Yes, Your Honor. If you'll bear with me a minute. Sure. Well, Your Honor, I mean, first of all, there's the Waltz case, which we do cite in our materials, which was a case where an exaction decision was made that it violated due process. I would also point out that all nine justices of the U.S. Supreme Court in the Kuntz case acknowledged that unfair allocation of public burdens stated a due process claim. And that's a really important point because what you had was the majority acknowledging that they could have brought this under a due process concept, and you also had the dissent arguing that it could have been brought as a due process claim. And it's really very simple. The reason is the unconstitutional conditions doctrine is a substantive due process doctrine created by the Supreme Court. I think we understand your position, and the red light has you. The only other case I would cite would be to Kintner and Lewis, which are your cases. We know about Kintner. Thank you, Your Honor. I appreciate your time. Your Honor, in rebuttal or supplementation, insofar as what Nolan and Dolan are, and I know the court's read the briefs, and basically it's on page 35, 36 of the county's brief. Call the court's attention to that. There is Justice Souter's opinion in Wilkie. We're familiar with those cases. You're familiar with those, including, too, from the Eleventh Circuit that characterized Nolan and Dolan as taking cases, as well as from other courts. The claim that this is an extortionate leveraging of policing power, to come up with four words, extortionate leveraging of five words, of policing power, I think adds nothing. That just concludes it already. It's what it is under there. With all the remedies, I don't think it's an extortionate leveraging of police power. The issue, insofar as administration, whether this was an administrative thing, executive where you have no substantive due process rights in the Eleventh Circuit, basically we've outlined at pages 9-17 all the administrative process here. It is not just pure legislative. Finally, the issue concerning specific, you're limited to the specific constitutional provision, rather than to generalize due process notions, whatever those may be, and however limited they may be, and how much they may be in the eye of the beholder. I would call attention to the cases on page 40 of our brief, where Prescott and Bills of Lake Jackson, basically, and Bills of Lake Jackson is a Fed third case, says that there's no substantive due process takings case that would protect a specific property right not already protected by the takings clause. In that, I would conclude. I think we have your case, gentlemen. Thank you, Your Honor. Thank you, Your Honor. Martinez v. Market Traders Institute. Mr. Hendricks.